UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ALAN JACOBS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-6367 |
| LPP MORTGAGE LTD. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Defendant LLP Mortgage, Ltd.'s motion to dismiss Plaintiff Alan Jacob's claims against it. R. Doc. 7. The motion is unopposed. The Court has reviewed Plaintiff's complaint, Defendant's brief, and the applicable law and now issues this Order and Reasons.

### I. BACKGROUND

This case arises out of foreclosure proceedings and litigation in Washington Parish, Louisiana. R. Doc. 1 at 2. Plaintiff Alan Jacobs is a resident of Bogalusa, Louisiana. R. Doc. 1 at 1. Defendant LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd. ("LPP") is a national mortgage company with offices in Plano, Texas. R. Doc. 1 at 2. Plaintiff purchased and owed a single-family home located at 447 Avenue L Bogalusa, Louisiana 70427 (the "Property"). On October 13, 2004, Plaintiff executed an original promissory note in favor of Southern Mortgage Financial group d/b/a/ Southern Mortgage Company on the Property in the amount of $91,200 (the "Note").[1] R. Doc. 7-2. The Note was secured by an Act of Mortgage importing a confession of judgement,

---

[1] "[A] district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x. 408, 409 (5th Cir. 2013) (per curiam) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007)). Thus, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Causey Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

recorded as Instrument No. 251132 in the mortgage records of Washington Parish (the "Mortgage"). R. Doc. 7-3.

At some point between October 13, 2004 and June 1, 2011, the Note and rights to enforce it were transferred to Defendant. R. Doc. 7-1 at 2. Plaintiff entered into a loan modification agreement with Defendant and subsequently defaulted on the Note, Mortgage, and loan modification agreement. R. Doc. 7-1 at 2-3. As a result of these defaults, an executory process action was initiated by Defendant in the 22nd Judicial District Court for Washington Parish, Louisiana ("state court") on January 24, 2013, and a Writ of Seizure and Sale was issued by the state court on January 29, 2013. R. Doc. 7-4, 7-5.

During the foreclosure proceedings, Plaintiff sought to stay the sheriff's sale and raised several complaints pertaining to issues of standing to enforce the mortgage, lack of notice, alleged Real Estate Settlement Procedure Act ("RESPA") violations, and an alleged nullity of sale. R. Doc. 7-6. Plaintiff's final motion to stay the foreclosure proceedings was denied by the state court on May 30, 2018, after which the Property was sold at a sheriff's sale and adjudicated to Defendant. R. Doc. 7-7.

In his complaint, Plaintiff alleges Defendant wrongfully conducted the foreclosure sale on May 30, 2018. R. Doc. 1 at 2. Plaintiff claims Defendant did not have authority to foreclose on the Property or defend the sale in state court because it is purportedly unclear if Defendant was the title holder of the mortgage at the time of the sale. R. Doc. 1 at 2. Between March 4, 2018 to May 30, 2018, Plaintiff alleges the mortgage was transferred at least three times and that Defendant failed to serve and provide adequate notice of the transfers, thereby violating various provisions of the RESPA. R. Doc. 1 at 14, 15. Based on these allegations, Plaintiff brings claims for wrongful foreclosure, slander of title, and failure to provide serve/provide notice of sale against Defendant.

2

R. Doc. 1 at 4, 8.

## II. DISCUSSION

Defendant moves to dismiss Plaintiff's claims against it pursuant to the *Rooker-Feldman* doctrine. R. Doc. 7-1 at 4. Defendant submits Plaintiff's claims before this Court mirror the claims Plaintiff alleged in the state court proceedings or are otherwise inextricably intertwined with the state court's judgment against him. Defendant argues that, because *Rooker-Feldman* bars both claims that directly challenge a state court judgment as well as any claims inextricably intertwined with that judgment, Plaintiff's claims must be dismissed. R. Doc. 7-1 at 4.

The *Rooker-Feldman* doctrine "bars federal courts from adjudicating claims where the plaintiff seeks to overturn a state-court judgment." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The doctrine is limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Put another way, *Rooker–Feldman* prevents a party who has lost his case in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Furthermore, "[i]f the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepard*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16); *see also Magor v. GMAC Mortgage, L.L.C.*, 456 F. App'x. 334, 336 (5th Cir. 2011) (per curiam) (concluding that *Rooker–Feldman* bars a claim

3

that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested").

In this case, rather than seeking damages or other relief due to Defendant's alleged wrongful foreclosure, slander of title, or REPSA violations, Plaintiff seeks relief from the state court judgment itself. Because his complaint is an attack on a state court judgment, the *Rooker–Feldman* doctrine bars his claims, and this Court lacks subject matter jurisdiction over them. As a result, the Court will grant Defendant's motion to dismiss.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (R. Doc. 7) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana on this 11th day of October, 2018.

_____
Eldon E. Fallon
United States District Judge